McKAY, Circuit Judge.
 

 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.
 
 See
 
 Fed.R. App.P. 34(a), Tenth Circuit R. 10(e). The cause is therefore submitted without oral argument.
 

 The defendant was charged with several counts of concealing assets from his trustee in bankruptcy and with perjury to the grand jury. At trial, the jury convicted the defendant on the concealing assets charges and acquitted him on the perjury charge.
 
 *500
 
 In his first appeal,
 
 United States v. Beery,
 
 678 F.2d 856 (10th Cir.1982), this court ruled that there was sufficient evidence in the record to support the defendant’s convictions. The court vacated the convictions, however, and remanded the case to the district court with instructions to make further findings concerning defendant’s allegation that the immunity granted him by 11 U.S.C. § 25(a)(10) had been violated by use before the grand jury of testimony that he was compelled to give in a bankruptcy proceeding. Specifically, the district court was instructed that it should first give the defendant an opportunity to show that he had been required to submit to an examination covered by § 25(a)(10) and relating to matters in the federal prosecution. The district court was then instructed that upon such a showing the burden should shift to the government to prove that the evidence adduced at the grand jury proceedings and at the trial had independent sources and had not been derived from defendant’s immunized bankruptcy testimony. The court was further instructed that if it found some of the government’s testimony to have been improperly derived from the defendant’s immunized testimony, it was to dismiss the indictment, unless it found beyond a reasonable doubt that the error had been harmless.
 

 On June 14, 1983, the district court held an evidentiary hearing. Evidence was submitted at the hearing by both the defendant and the government. The government called two witnesses: 1) a former FBI agent who had headed the investigation resulting in defendant’s conviction, and 2) the trustee in bankruptcy who had testified before the grand jury and at the criminal trial. Based upon the evidence introduced at this hearing, the court concluded that the government did not directly or indirectly use the defendant’s bankruptcy testimony as a lead to the evidence that was subsequently used at the grand jury hearing and at the trial. The court, therefore, reinstated the defendant’s convictions.
 

 The defendant contends that the district court did not correctly follow the instructions on remand in that it did not treat the question of harmless error. However, having determined that the government had not improperly used the defendant’s immunized testimony, the court was not required to make a harmless error determination.
 

 Defendant also contends that the district court’s findings are not supported by the evidence. After reviewing the trial court’s opinion, the record transcripts, and the briefs on appeal, we are convinced that the district court’s finding that the government’s case was not tainted as a result of any illegal use of the defendant’s bankruptcy testimony is supported by the evidence. Therefore, the district court’s decision is AFFIRMED.